UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGDALENA HALKA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-1897** |
| **COSTCO WHOLESALE CORP. ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Costco Wholesale Corporation's Motion to Dismiss (Doc. 14).  For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Magdalena Halka alleges that she purchased a new refrigerator from Defendant Costco Wholesale Corporation's ("Costco") website and selected Costco Concierge Services to have the refrigerator delivered and installed at her home. On May 25, 2023, Defendant Professional Delivery Providers, LLC ("PDP") delivered and installed the refrigerator at her home.[1] Plaintiff alleges that on July 18, 2024, she was injured when the handle of her new refrigerator suddenly came loose as she tried to open it, causing her to lose her balance and fall backwards. The fall caused Plaintiff, who was 80 years old at the time, to break her left shoulder. Plaintiff brought a claim for damages

---

[1] Plaintiff's Amended Complaint names Supreme Final Mile, Inc. (Doc. 23). However, Professional Delivery Providers, LLC, formerly Supreme Home Delivery, LLC filed an answer in this matter.

1

against Costco; PDP; the manufacturer of the refrigerator, LG Electronics USA Inc. ("LG"); and LG's insurer, Mitsui Sumitomo Insurance USA, Inc. in the 24th Judicial District Court of Louisiana. Defendants removed the matter to this Court on the basis of diversity jurisdiction.

Now before the Court is Costco's Motion to Dismiss the claims against it. Costco argues that Plaintiff cannot succeed on her claims against it under Louisiana's Product Liability Act ("LPLA") because it is not a manufacturer and that she fails to allege sufficient facts to succeed on her other claims. Plaintiff opposes. The Court will consider each argument in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief,

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*

the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

### A. LPLA

First, Defendant Costco argues that Plaintiff cannot succeed on her claims against it under the LPLA because it was not the manufacturer of the refrigerator. Plaintiff argues that Costco can be liable as a seller, distributor, or installer under the LPLA.

In fact, "[t]he LPLA 'provides the exclusive remedy for persons claiming injury due to product defects,'" and "[t]he plaintiff may only recover from a defendant who qualifies as a manufacturer of the product under the LPLA."[9]

> The LPLA defines a "[m]anufacturer" as "a person or entity who is in the business of manufacturing a product for placement into trade or commerce." La. Rev. Stat. § 9:2800.53(1). A manufacturer also includes, inter alia, anyone "who incorporates into the product a component or part manufactured by another manufacturer." Id. § 9:2800.53(1)(c).20 To bring all that together, "[m]anufacturing a product means producing, making, fabricating, constructing,

---

[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] Wornner v. Christian Home Health Care, Inc., No. CIV.A. 13-6416, 2014 WL 130331, at *4 (E.D. La. Jan. 14, 2014).

designing, remanufacturing, reconditioning or refurbishing a product." *Id.* § 9:2800.53(1).[10]

A non-manufacturing seller of a defective product may only be held liable outside of the provisions of the LPLA for defects in the product if it "knew or should have known that the product sold is defective."[11] Further, courts have held that installers are not manufacturers under the LPLA where their installation of pre-made parts does not create a new product.[12]

Plaintiff's Petition expressly alleges that LG was the manufacturer of the refrigerator and Costco was the seller. The Petition does not allege any facts supporting a finding that Costco was a manufacturer of the refrigerator as the term is defined in the LPLA. The Petition also does not allege that Costco knew the product was defective, that it had any control over the design or manufacture of the product, or that the installation created a new product. Accordingly, Plaintiff's Petition does not state a claim under the LPLA against Costco.

### B. Negligent Handling and Installation

Costco next argues that Plaintiff's Petition fails to allege sufficient facts to support a negligence claim against it. The Petition alleges that Plaintiff ordered the refrigerator from Costco and purchased Costco Concierge Services to have it delivered and installed at her home. She alleges that Costco's installer, PDP, delivered and installed the refrigerator. Finally, she alleges

---

[10] McKinney v. Superior Van & Mobility, LLC, No. CV 20-1169, 2021 WL 1238906, at *4 (E.D. La. Apr. 2, 2021)

[11] *Wornner*, 2014 WL 130331, at *4.

[12] Loper v. Nat'l Union Fire Ins. Co., No. 99-1350, 2001 WL 210367, at *4 (E.D. La. Mar. 2, 2001); In re FEMA Trailer Formaldehyde Prods. Liab. Litig., No. MDL 07-1873, 2009 WL 2969503, at *3 (E.D. La. Sept. 11, 2009).

that improper or negligent installation or negligent handling was a cause of her injury.

The Court agrees with Costco that the Petition fails to assert a negligence claim against it. The Petition does not allege any negligent act actually done by Costco. It does not allege that Costco had any involvement in the installation or delivery of the refrigerator. Further, it does not allege any relationship between Costco and PDP by which Costco could be liable for PDP's negligence.[13] Accordingly, the Petition does not allege sufficient facts to state a claim against Costco.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff's LPLA claims against Costco are **DISMISSED WITH PREJUDICE**. Plaintiff's state law negligence claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may amend her Complaint within 14 days of this Order to the extent that she can remedy the deficiencies identified herein.

New Orleans, Louisiana this 18th day of March, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Under Louisiana law, "a principal may be liable for its agent's actions; however, a principal is not liable for any actions by an independent contractor." Bertram v. Progressive Se. Ins. Co., 652 F. Supp. 3d 710, 715 (W.D. La. 2023).